```
GONZALEZ & LEIGH, LLP
MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
BRYAN VERESCHAGIN (SBN 188608)
BRIAN BRAZIER (SBN 245084)
MATT SPRINGMAN (SBN 252508)
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone:   (415) 512-2000
Facsimile:   (415) 512-2001

Attorneys for Plaintiff
BARBARA POWELL
```

FILED
2008 FEB 28 ⊥ 11: 04
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

Fee Paid
S1
(5)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08  01213  HRL

| | |
|---|---|
| BARBARA POWELL, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE; ROBERT DAVIS in his capacity as CHIEF OF POLICE OF THE CITY OF SAN JOSE; OFFICER ANTHONY SERRANO; and DOES 1 THROUGH 75, individually and in their official capacities as employees of the CITY OF SAN JOSE; and DOES 76-100 individually, inclusive,<br><br>   Defendants. | **COMPLAINT**<br><br>1. **Violation of 42 U.S.C. §1983 – Excessive Force**<br>2. **42 U.S.C. §1983 Monell Liability**<br><br>**REQUEST FOR PUNITIVE DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff hereby alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. §1983 for violations of plaintiff's rights as secured under the United States Constitution. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331.

2. This suit further seeks the imposition of punitive damages against all appropriate defendants as permitted under law.

3. Venue is proper in this Court because the facts supporting each of these causes of action arise out of conduct undertaken by defendants in San Jose, California.

4. Intra-district assignment is appropriate in the San Jose Division of the Northern District because all of the events occurred within the City of San Jose in Santa Clara County, California.

## II. PARTIES

5. Plaintiff Barbara Powell resides in San Jose California. At the time of the incident at issue in this case, plaintiff was a 20 year old student at San Jose State University, majoring in Health Administration. At the time she served on the Executive Board of the San Jose State University Black Student Union. She now serves as President. She has also volunteered as a mentor at the Burnett Middle School and the African-American Center, and interned at the Mosaic Cross-Cultural Center. Ms. Powell plans to pursue a career in the health care industry.

6. Defendant the City of San Jose is a municipality duly organized and existing under the laws of the State of California. The City of San Jose is located in the County of Santa Clara, California. The City of San Jose operates under its authority the San Jose Police Department.

7. Defendant Robert Davis is the Chief of Police for the City of San Jose. During the times material to this complaint, Chief Davis was a policy-making official for the City of San Jose's Police Department. Chief Davis is being sued in his official capacity as the Chief of Police for the City of San Jose.

8. Defendant Anthony Serrano is an Officer with the San Jose Police Department and was a member of Rapid Deployment Team #8, under the command of Sergeant Andrew LoCicero, on the night of the "Mardi Gras" celebration in downtown San Jose, February 28, 2006 and into March 1, 2006.

9. In engaging in the conduct described herein, defendants acted under color of law and in the course and scope of their employment with the City of San Jose. In engaging in the conduct described herein, defendants exceeded the authority vested in them as government employees, police officers, policy makers and officials under the United States Constitution.

### III. STATEMENT OF FACTS

10. On the evening of February 28, 2006, Rapid Deployment Team #8 ("RDT 8"), a special operations unit within the San Jose Police Department ("SJPD"), was assigned to the area around San Jose City Hall. The team was commanded by Sergeant Andrew LoCicero.

11. RDT 8 was a team of "swing shift" officers and included Defendant Serrano.

12. Shortly before midnight on February 28, 2006, RDT 8 was in a formation known as a skirmish line that stretched generally along East Santa Clara Street in front of City Hall.

13. Around the same time, Ms. Powell and a group of 4-5 friends were walking along East Santa Clara Street, near the corner of Fifth Street, attempting to make their way back to their residences on the campus of San Jose State University.

14. Previous to arriving at the area near the corner of 5th Street and E. Santa Clara, the females had stopped at a burrito shop on Santa Clara Street between Second and Third Streets. After leaving the burrito shop, the females, including Ms. Powell, proceeded to walk East on Santa Clara Street in order to return to campus.

15. The group, however, was prevented from walking eastbound on Santa Clara by officers who were directing people North towards Saint John. The group followed the directives of the officers and proceeded to walk North on either Third or Fourth Street towards St. John.

16. Reaching Fifth and St. John, and by this time had generally removed themselves from the crowd, the females, including Ms. Powell, attempted, once again, to return back to their residences on campus.

17. Ms. Powell had not consumed any alcohol that night or illegal drugs that night, and was completely sober.

18. Upon arriving at Fifth and Santa Clara Street, one of the group, Kimberly Larry, was harassed by an unknown officer an horseback, who intentionally and repeatedly used the horse's muzzle to push Ms. Larry – despite the fact that she was following police orders to move.

19. Upset by the harassment she received at the hands of an unknown San Jose police, Ms. Larry walked ahead of the group, South towards other police officers within the grounds of City Hall to ask for the badge number of the unknown officer on horseback. The police officers told her simply to "keep walking."

20. Ms. Larry proceeded to take a path through City Hall property towards San Fernando Street which led directly back to her residence on the campus of San Jose State. At the time, no officers attempted to stop Ms. Larry from walking in that direction.

21. The harassment of Ms. Larry and her subsequent attempt to obtain the badge number of the officer on horseback was the first time that any of the females had personally interacted, or spoken with any San Jose Police officers that night.

22. While Ms. Larry was talking to the officers, the rest of the group including Ms. Powell remained behind Ms. Larry, close to the sidewalk. However, at some point shortly after Ms. Larry walked ahead of the group to return home, the females were told by an unknown officer to "go get your friend [Ms. Larry], she can't walk that way."

23. At that point, following the request of the officer, the group of females, including Ms. Powell, moved towards Ms. Larry and called out to her in an attempt to retrieve her friend and direct her to walk around City Hall, instead of cutting through City Hall property which led back to campus.

24. However, the group including Ms. Powell were then attacked by several officers and told to "get the fuck out of the way" and "fucking move." As she turned around to follow the officer's orders she was unnecessarily pepper sprayed by Officer Anthony Serrano.

25. The pepper spray caused severe burning in Ms. Powell's eyes.

26. As a result of her unfortunate encounter with officers from the San Jose Police Department, Ms. Powell remains fearful of future interaction with the San Jose Police Department, and avoids all interaction with San Jose Police Department Officers.

## IV. CLAIMS

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 - Excessive Force, Denial of Medical Care)

(Against Defendant Serrano)

27. Plaintiff incorporates the allegations set forth in paragraphs 1-26 though fully set forth herein.

28. Defendant unnecessarily used pepper against plaintiff, even as she was following orders to leave the area. In the process, defendants violated plaintiff's constitutional right to be free from unlawful detentions, seizures and excessive force as secured by the Fourth and Fourteenth Amendments.

29. After deploying the pepper spray against plaintiff, defendants denied plaintiff medical care, and in the process, plaintiff's liberty interest as secured by the Fourteenth Amendment to the United States Constitution was violated.

30. Defendants acted under color of state law and within the course and scope of their employment with the City of San Jose and the San Jose Police Department when unlawfully deploying excessive force against plaintiff for no reason, and when improperly denying plaintiff needed medical care.

31. Defendants' actions directly and proximately caused injury to plaintiff.

32. As a result of defendants' actions, plaintiff has suffered damages, in an amount to be determined at trial.

33. Defendants' actions were taken in knowing violation of plaintiff's legal and constitutional rights, and without good faith. Punitive damages against the involved City of San Jose police officers are thus warranted.

Wherefore, plaintiff prays for relief against defendants as set forth hereafter.

## SECOND CAUSE OF ACTION

(Monell Liability 42 U.S.C. 1983)

(AGAINST CITY OF SAN JOSE and ROBERT DAVIS)

34. Plaintiff incorporates the allegations contained in the above paragraphs 1 through 33 as though set forth fully herein.

35. Plaintiff is informed and believes, and thereon alleges, that high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, knew and/or reasonably should have known, about repeated acts of misconduct by DOES 1-50, including acts of excessive force, denial of medical care and treatment and racial bias.

36. Plaintiff is further informed and believes that high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, knew and/or reasonably should have known, that DEFENDANT was improperly trained to perform their duties as police officers.

37. Despite having such notice, plaintiff is informed and believes, and thereon alleges that high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the involved police officers.

38. Plaintiff is informed and believes, and thereon alleges, that as a result of the deliberate indifference, recklessness and/or conscious disregard of the misconduct by, and the lack of training or unreasonable training by high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, defendants approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by DEFENDANT, which resulted in violations of plaintiff's constitutional rights.

39.  Defendants City of San Jose and Chief of Police Robert Davis owed plaintiff a duty of care to ensure that it hired, trained, and supervised its officers so as to prevent violations of her constitutional, statutory, and common law rights.

40.  The aforementioned acts and/or omissions and/or deliberate indifference by the City of San Jose, high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, resulted in deprivation of plaintiff's constitutional rights.

Wherefore, plaintiff prays for relief against defendants as set forth hereafter.

## V.  RELIEF REQUESTED

Wherefore, plaintiff respectfully requests that this Court grant the following relief:

1.  For compensatory damages according to proof against all defendants;
2.  For special damages according to proof against all defendants;
3.  Punitive damages against individual defendants in an amount to be proven at trial pursuant to 42 U.S.C. §1983;
4.  Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
5.  Injunctive Relief to mandate supplemental officer training on the appropriate use of force and provision of medical care;
6.  Costs incurred in this matter;
7.  Prejudgment interest at the maximum legal rate; and
8.  The cost of suit and any such other relief as the Court finds just and proper.

Dated: February 28, 2008               GONZALEZ & LEIGH, LLP

By _____
BRYAN W. VERESCHAGIN
Attorneys for Plaintiff
BARABARA POWELL

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial by jury of their claims raised herein.

Dated: February 28, 2008

GONZALEZ & LEIGH, LLP

By: /s/ Bryan W. Vereschagin
BRYAN W. VERESCHAGIN
Attorneys for Plaintiff
BARBARA POWELL