GONZALEZ & LEIGH, LLP
MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
BRYAN VERESCHAGIN (SBN 188608)
BRIAN BRAZIER (SBN 245004)
MATT SPRINGMAN (SBN 252508)
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiff
BARBARA POWELL

ADR

E-FILING

FILED

2008 FEB 29 11:04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C08 01213 HRL

BARBARA POWELL, an individual,

Plaintiff,

v.

CITY OF SAN JOSE; ROBERT DAVIS in his capacity as CHIEF OF POLICE OF THE CITY OF SAN JOSE; OFFICER ANTHONY SERRANO; and DOES 1 THROUGH 75, individually and in their official capacities as employees of the CITY OF SAN JOSE; and DOES 76-100 individually, inclusive,

Defendants.

**COMPLAINT**

1. **Violation of 42 U.S.C. §1983 – Excessive Force**
2. **42 U.S.C. §1983 Monell Liability**

**REQUEST FOR PUNITIVE DAMAGES**

**JURY TRIAL DEMANDED**

Plaintiff hereby alleges as follows:

## I. JURISDICTION AND VENUE

1. This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. §1983 for violations of plaintiff's rights as secured under the United States Constitution. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331.

2. This suit further seeks the imposition of punitive damages against all appropriate defendants as permitted under law.

3. Venue is proper in this Court because the facts supporting each of these causes of action arise out of conduct undertaken by defendants in San Jose, California.

4. Intra-district assignment is appropriate in the San Jose Division of the Northern District because all of the events occurred within the City of San Jose in Santa Clara County, California.

## II. PARTIES

5. Plaintiff Barbara Powell resides in San Jose California. At the time of the incident at issue in this case, plaintiff was a 20 year old student at San Jose State University, majoring in Health Administration. At the time she served on the Executive Board of the San Jose State University Black Student Union. She now serves as President. She has also volunteered as a mentor at the Burnett Middle School and the African-American Center, and interned at the Mosaic Cross-Cultural Center. Ms. Powell plans to pursue a career in the health care industry.

6. Defendant the City of San Jose is a municipality duly organized and existing under the laws of the State of California. The City of San Jose is located in the County of Santa Clara, California. The City of San Jose operates under its authority the San Jose Police Department.

7. Defendant Robert Davis is the Chief of Police for the City of San Jose. During the times material to this complaint, Chief Davis was a policy-making official for the City of San Jose's Police Department. Chief Davis is being sued in his official capacity as the Chief of Police for the City of San Jose.

8. Defendant Anthony Serrano is an Officer with the San Jose Police Department and was a member of Rapid Deployment Team #8, under the command of Sergeant Andrew LoCicero, on the night of the "Mardi Gras" celebration in downtown San Jose, February 28, 2006 and into March 1, 2006.

9. In engaging in the conduct described herein, defendants acted under color of law and in the course and scope of their employment with the City of San Jose. In engaging in the conduct described herein, defendants exceeded the authority vested in them as government employees, police officers, policy makers and officials under the United States Constitution.

## III. STATEMENT OF FACTS

10. On the evening of February 28, 2006, Rapid Deployment Team #8 ("RDT 8"), a special operations unit within the San Jose Police Department ("SJPD"), was assigned to the area around San Jose City Hall. The team was commanded by Sergeant Andrew LoCicero.

11. RDT 8 was a team of "swing shift" officers and included Defendant Serrano.

12. Shortly before midnight on February 28, 2006, RDT 8 was in a formation known as a skirmish line that stretched generally along East Santa Clara Street in front of City Hall.

13. Around the same time, Ms. Powell and a group of 4-5 friends were walking along East Santa Clara Street, near the corner of Fifth Street, attempting to make their way back to their residences on the campus of San Jose State University.

14. Previous to arriving at the area near the corner of 5th Street and E. Santa Clara, the females had stopped at a burrito shop on Santa Clara Street between Second and Third Streets. After leaving the burrito shop, the females, including Ms. Powell, proceeded to walk East on Santa Clara Street in order to return to campus.

15. The group, however, was prevented from walking eastbound on Santa Clara by officers who were directing people North towards Saint John. The group followed the directives of the officers and proceeded to walk North on either Third or Fourth Street towards St. John.

16. Reaching Fifth and St. John, and by this time had generally removed themselves from the crowd, the females, including Ms. Powell, attempted, once again, to return back to their residences on campus.

17. Ms. Powell had not consumed any alcohol that night or illegal drugs that night, and was completely sober.

18. Upon arriving at Fifth and Santa Clara Street, one of the group, Kimberly Larry, was harassed by an unknown officer an horseback, who intentionally and repeatedly used the horse's muzzle to push Ms. Larry – despite the fact that she was following police orders to move.

19. Upset by the harassment she received at the hands of an unknown San Jose police, Ms. Larry walked ahead of the group, South towards other police officers within the grounds of City Hall to ask for the badge number of the unknown officer on horseback. The police officers told her simply to "keep walking."

20. Ms. Larry proceeded to take a path through City Hall property towards San Fernando Street which led directly back to her residence on the campus of San Jose State. At the time, no officers attempted to stop Ms. Larry from walking in that direction.

21. The harassment of Ms. Larry and her subsequent attempt to obtain the badge number of the officer on horseback was the first time that any of the females had personally interacted, or spoken with any San Jose Police officers that night.

22. While Ms. Larry was talking to the officers, the rest of the group including Ms. Powell remained behind Ms. Larry, close to the sidewalk. However, at some point shortly after Ms. Larry walked ahead of the group to return home, the females were told by an unknown officer to "go get your friend [Ms. Larry], she can't walk that way."

23. At that point, following the request of the officer, the group of females, including Ms. Powell, moved towards Ms. Larry and called out to her in an attempt to retrieve her friend and direct her to walk around City Hall, instead of cutting through City Hall property which led back to campus.

24. However, the group including Ms. Powell were then attacked by several officers and told to "get the fuck out of the way" and "fucking move." As she turned around to follow the officer's orders she was unnecessarily pepper sprayed by Officer Anthony Serrano.

25. The pepper spray caused severe burning in Ms. Powell's eyes.

26. As a result of her unfortunate encounter with officers from the San Jose Police Department, Ms. Powell remains fearful of future interaction with the San Jose Police Department, and avoids all interaction with San Jose Police Department Officers.

## IV. CLAIMS

### FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 - Excessive Force, Denial of Medical Care)

### (Against Defendant Serrano)

27. Plaintiff incorporates the allegations set forth in paragraphs 1-26 though fully set forth herein.

28. Defendant unnecessarily used pepper against plaintiff, even as she was following orders to leave the area. In the process, defendants violated plaintiff's constitutional right to be free from unlawful detentions, seizures and excessive force as secured by the Fourth and Fourteenth Amendments.

29. After deploying the pepper spray against plaintiff, defendants denied plaintiff medical care, and in the process, plaintiff's liberty interest as secured by the Fourteenth Amendment to the United States Constitution was violated.

30. Defendants acted under color of state law and within the course and scope of their employment with the City of San Jose and the San Jose Police Department when unlawfully deploying excessive force against plaintiff for no reason, and when improperly denying plaintiff needed medical care.

31. Defendants' actions directly and proximately caused injury to plaintiff.

32. As a result of defendants' actions, plaintiff has suffered damages, in an amount to be determined at trial.

33. Defendants' actions were taken in knowing violation of plaintiff's legal and constitutional rights, and without good faith. Punitive damages against the involved City of San Jose police officers are thus warranted.

Wherefore, plaintiff prays for relief against defendants as set forth hereafter.

## SECOND CAUSE OF ACTION

## (Monell Liability 42 U.S.C. 1983)

## (AGAINST CITY OF SAN JOSE and ROBERT DAVIS)

34. Plaintiff incorporates the allegations contained in the above paragraphs 1 through 33 as though set forth fully herein.

35. Plaintiff is informed and believes, and thereon alleges, that high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, knew and/or reasonably should have known, about repeated acts of misconduct by DOES 1-50, including acts of excessive force, denial of medical care and treatment and racial bias.

36. Plaintiff is further informed and believes that high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, knew and/or reasonably should have known, that DEFENDANT was improperly trained to perform their duties as police officers.

37. Despite having such notice, plaintiff is informed and believes, and thereon alleges that high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the involved police officers.

38. Plaintiff is informed and believes, and thereon alleges, that as a result of the deliberate indifference, recklessness and/or conscious disregard of the misconduct by, and the lack of training or unreasonable training by high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, defendants approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by DEFENDANT, which resulted in violations of plaintiff's constitutional rights.

39. Defendants City of San Jose and Chief of Police Robert Davis owed plaintiff a duty of care to ensure that it hired, trained, and supervised its officers so as to prevent violations of her constitutional, statutory, and common law rights.

40. The aforementioned acts and/or omissions and/or deliberate indifference by the City of San Jose, high ranking City of San Jose officials, including high ranking police supervisors such as Chief of Police Robert Davis, and each of them, resulted in deprivation of plaintiff's constitutional rights.

Wherefore, plaintiff prays for relief against defendants as set forth hereafter.

## V. RELIEF REQUESTED

Wherefore, plaintiff respectfully requests that this Court grant the following relief:

1. For compensatory damages according to proof against all defendants;
2. For special damages according to proof against all defendants;
3. Punitive damages against individual defendants in an amount to be proven at trial pursuant to 42 U.S.C. §1983;
4. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
5. Injunctive Relief to mandate supplemental officer training on the appropriate use of force and provision of medical care;
6. Costs incurred in this matter;
7. Prejudgment interest at the maximum legal rate; and
8. The cost of suit and any such other relief as the Court finds just and proper.

Dated: February 28, 2008

GONZALEZ & LEIGH, LLP

By [signature]
BRYAN W. VERESCHAGIN
Attorneys for Plaintiff
BARABARA POWELL

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial by jury of their claims raised herein.

Dated: February 28, 2008

GONZALEZ & LEIGH, LLP

By [signature]
BRYAN W. VERESCHAGIN
Attorneys for Plaintiff
BARBARA POWELL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Filed FEB 2 8 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE

BARBARA POWELL,

Plaintiff,

ADR

v.

CITY OF SAN JOSE, ET AL.,

Defendant(s).

E-FILING

No. C 08-01213 HRL

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 2/28/2008 | Complaint filed | |
| 5/27/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 6/10/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 6/17/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES

1. In cases that are randomly assigned to Judge Lloyd for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

2. The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3. Parties with questions regarding scheduling (excluding settlement conferences) should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4. A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 2, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without Court approval.

5. Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement. For the required format and contents of this filing, follow the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement." If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

6. Discovery motions may be addressed to the Court in three ways. First, a motion may be noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Second, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. Finally, in emergencies during discovery events (such as depositions), any party may contact the Court to ask if the Judge is available to address the problem pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged from attaching letters

between counsel as exhibits to discovery motions.

7. Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: August 22, 2002
Amended February 26, 2007

HOWARD R. LLOYD
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Filed JUL 11 2002 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE

Case No. ______________

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available date.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for hearing on any Tuesday at 10:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for hearing on any Wednesday at 9:30 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for hearing on any Tuesday at 10:00 a.m.

Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be held on ______________________ at _________________________, at the United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the Case Management Conference and good faith compliance with the requirements of this Order are essential elements of effective case management. Failure to meet and confer, to be prepared for the Case Management Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case Management Conference.

In all "E-filing" cases when filing papers in connection with any motion for determination by a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

IT IS SO ORDERED.

Dated: Effective on the date this order is filed, until further court order.

James Ware
United States District Judge

Ronald M. Whyte
United States District Judge

Jeremy Fogel
United States District Judge

Patricia V. Trumbull
United States Chief Magistrate Judge

Richard Seeborg
United States Magistrate Judge

Howard R. Lloyd
United States Magistrate Judge